United States District Court
Northern District of Indiana

| | | |
|---|---|---|
| VIRGIL EUGENE GRIFFIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11-CV-462 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Virgil Eugene Griffin, a *pro se* prisoner, was convicted of murder in LaPorte County in 2003. *See State v. Griffin*, 46D01-0111-CF-126. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE 4.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

This petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Griffin was convicted following a jury trial and in January 2003 was sentenced to 65 years in prison. (DE 4 at 1.) The Indiana Court of Appeals affirmed his conviction on September 23, 2003. *See Griffin v. State*, No. 46A05-0304-CR-156, slip op. (Ind. Ct. App. Sept. 13, 2003). The Indiana Supreme Court denied his petition to transfer on November 18, 2003, and he did not seek review in the U.S. Supreme Court. (DE 4 at 1.) On April 18, 2007, he filed a *pro se* petition for post-conviction relief in state court, claiming ineffective assistance of counsel on various grounds. *Griffin v. State*, 950 N.E.2d 34, 2011 WL 2436286, at *1-2 (Ind. Ct. App. June 17, 2011). Following an evidentiary hearing, the trial court denied the petition. *Id.* at *1. On June 17, 2011, the Indiana Court of Appeals affirmed the denial of post-conviction relief. *Id.* On November 16, 2011, the Indiana Supreme Court denied Griffin's petition to transfer. *Id.*

Griffin tendered his original federal petition to prison officials for mailing on November 29, 2011. (DE 1 at 4.) That document was stricken based on numerous deficiencies, and on December 18, 2011, Griffin filed his amended petition. (DE 4 at 5.) In the petition, he raises four grounds for relief, all of which are based on alleged ineffective assistance of counsel: (1) counsel

was ineffective in failing to investigate certain witnesses as he had requested at the time of trial; (2) counsel was ineffective in failing to object to prior bad act evidence introduced at trial; (3) counsel was ineffective in failing to alert the trial court that a jury member was seen speaking with a relative of the victim outside of the courtroom, despite being given this information by Griffin's family member at trial; and (4) counsel committed errors in connection with the appeal by failing to submit certain portions of the trial record supporting his arguments. (DE 4 at 3-4.)

Upon review, none of Griffin's claims implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. (*See* DE 4 at 5.) Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply. Griffin's conviction became final when the time for seeking review in the U.S. Supreme Court expired 90 days after the Indiana Supreme Court's November 18, 2003, decision denying his petition to transfer. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). This made his federal petition due by February 2005. *See* 28 U.S.C. § 2244(d)(1)(A). This petition filed in 2011 was thus untimely by several years.

Although a properly filed application for state post-conviction relief will toll the limitations period under 28 U.S.C § 2244(d)(2), the post-conviction petition Griffin filed in April 2007 did not toll the limitations period, because the one-year statute of limitations had already expired by the time he filed the petition. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (observing that "a state [post-conviction] proceeding that does not being until the federal year has expired is irrelevant" for statute of limitations purposes). Griffin does not raise any basis for excusing the untimeliness of his petition, and instead he appears to believe that his petition is timely because it was filed within one year of the state court's recent ruling on his post-

conviction petition.[1] (*See* DE 4 at 5.) However, as stated above, the one-year deadline for filing a federal petition had already expired when Griffin filed his post-conviction petition, and the state court's subsequent denial of that petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *DeJesus*, 567 F.3d at 942-43. Accordingly, Griffin's petition must be dismissed as untimely.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted).

When the district court has dismissed the petitioner's claim on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial

---

[1] In response to Question 16, where the petitioner is asked to explain why his petition is timely, Griffin states as follows: "I filed a petition for post-conviction relief within the tolling time months following my direct appeal. My petition for post-conviction relief prevented and stop [sic] the time of the one year limit from running out. While the petition for post conviction relief was pending the time does not count toward the period of limitation." (DE 4 at 5.) Although Griffin suggests here that he filed his post-conviction petition within "months" of the Indiana Supreme Court's 2003 decision on direct appeal, he makes clear elsewhere in the petition that he did not seek post-conviction relief until April 2007. (*See* DE 4 at 1.) The April 2007 filing date is also reflected in the Indiana Court of Appeals' opinion on post-conviction review. *See Griffin*, 2011 WL 2436286, at *1.

of a constitutional right. *Id.* Each is a threshold inquiry; thus, the court need only address one component if it will resolve the issue. *Id.* at 485. For the reasons fully explained above, Griffin's petition is untimely by several years. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find that there is a reason to encourage Griffin to proceed further. Accordingly, the court declines to issue Griffin a certificate of appealability.

For these reasons, the court **DISMISSES** the petition (DE 4) pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and **DENIES** the petitioner a certificate of appealability.

**SO ORDERED** on January 4, 2012.

                                                          s/ Joseph S. Van Bokkelen
                                                          Joseph S. Van Bokkelen
                                                          United States District Judge
                                                          Hammond Division